UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eric U. Walker,<br><br>        Plaintiff<br><br>vs.<br><br>Western-Southern Life Assurance Company,<br><br>        Defendant | Civil Action No. 3:17-cv-03480-MGL<br><br>**AMENDED COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendant above-named, would show this Court:

## JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina.

2. Defendant Western-Southern Life Assurance Company is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Ohio.

3. Plaintiff would further show that the amount in controversy exceeds $75,000.00.

4. There is complete diversity of citizenship between all parties.

5. This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

6. Plaintiff is the rightful annuitant under a non-qualified annuity contract issued by Defendant, having a value above $55,623.24.

7. Plaintiff, 93 years old, depended on the above funds for his financial security.

8. No person other than Plaintiff had the right to receive funds under the above contract.

9. To ensure the safety and security of Plaintiff's funds and prevent fraud, Defendant must protect Plaintiff's confidential information.

10. To ensure the safety and security of Plaintiff's funds, Defendant must never disclose nonpublic personal information about customers (or their accounts) to anyone who does not have a legal right to access this information.

11. Defendant must never accept a withdrawal order from inappropriate parties and/or those who are not entitled to receive account proceeds.

12. In or around April of 2017, with no disclosure or notice to Plaintiff (and without his knowledge or consent) Defendant gave confidential information to Plaintiff's son, Eric A. Walker, who lived in Colorado.

13. The confidential information included the account number, interest rate, contract value, and surrender value.

14. On or about February 18, 2015 Eric A. Walker submitted a fraudulent Annuity Service Request form to Defendant, directing Defendant to disburse the entire surrender value of the account to "Eric Walker."

15. On or about April 21, 2015 Defendant issued the surrender check and sent it to Eric A. Walker.

16. On or about May 8, 2015 Eric A. Walker converted this check and the entire proceeds of Plaintiff's account to his own use.

17. In or around June of 2017, while assisting Plaintiff with his finances, Plaintiff's daughter and power of attorney discovered the foregoing fraudulent activity, and reported it to Defendant.

18. On or about September 23, 2017 Eric A. Walker was charged with Theft from an At-Risk Person and Conspiracy to Commit Theft by the District Attorney for Denver, Colorado.

19. Conversely, Defendant in its own "investigation" found it had "no reason to suspect any issues with the surrender" because the surrender form contained "Mr. Eric Walker's signature" and because it spoke on the phone to "a person who identified himself as "Mr. Walker."

20. Defendant ignored that neither the signature, nor the voice on the phone, *was not that of their client*, to whom they owed a fiduciary duty, and that essentially every fraudulent withdrawal scheme involved a criminal pretending to be their client.

21. As a direct and proximate result of the Defendant's reckless and/or willful ignorance of its own rules, obligations, and reasonable security precautions, and its bad faith handling of his account and investigation, Plaintiff suffered the complete loss of the annuity that Defendant had specifically marketed as a safe and secure place for elders to keep their savings.

22. As a direct and proximate result, Plaintiff is entitled to recover his account proceeds from Defendant, plus interest thereon, with other actual damages, punitive damages, statutory damages, costs and attorney's fees.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

23. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

24. Defendant was bound to act with good faith and due regard to the interest of the Plaintiff.

25. Defendant breached its duty to Plaintiff in the above, and such others as shown at trial.

26. As a direct and proximate result of the foregoing, Plaintiff has been damaged.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract / Violation of UCC)

27. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

28. Defendant was bound, by the parties' annuity contract, and by S.C. Code §36-8-107, et. seq., to give information only to appropriate persons, to accept instructions (including withdrawal instructions) from appropriate persons, and to pay the proceeds of the annuity contract to only the Plaintiff or such persons as designated by Plaintiff, or to whom such proceeds are payable as a matter of law (e.g., a designated successor if death occurs).

29. Defendant breached its contractual and statutory obligations in the above, and such others as may be shown at trial.

30. Defendant further breached the implied duty of good faith contained in its contract with Plaintiff.

31. As a direct and proximate result of the above breach(es), Plaintiff has been damaged,

## FOR A THIRD CAUSE OF ACTION
### (Aiding & Abetting)

32. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

33. Plaintiff was owed a fiduciary duty of which Defendant was aware.

4

34. The Defendant had knowledge or constructive knowledge of the breach of this duty.

35. By its actions, Defendant directly enabled and aided in the theft of funds from Plaintiff's account.

36. As a direct and proximate result thereof, Plaintiff was damaged.

## FOR A FOURTH CAUSE OF ACTION

### (Bad Faith)

37. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent herewith.

38. Defendant is, inter alia, a seller and provider of insurance products, including the annuity that is the subject of this action.

39. Defendant owes a duty to act in good faith, including a duty to protect privacy, to pay sums only under the policy, and to investigate – fully and in good faith – any claims of fraud or wrongdoing.

40. Defendant failed to act in good faith respect to the above.

41. Defendant acted to protect its own financial interests ahead of the Plaintiff's.

42. As a direct and proximate result thereof, Plaintiff has been damaged.

43. Defendant's refusal to pay benefits due compelled Plaintiff to engage legal counsel to initiate litigation to recover such benefits.

44. Defendant's actions were willful, wanton and/or in reckless disregard for Plaintiff's rights, and is entitled to punitive damages to deter future similar conduct by Defendant.

## FOR A FIFTH CAUSE OF ACTION

### (Negligence)

45. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with the allegations of this cause of action.

46. Defendant owed Plaintiff a duty to exercise due care which arises by statute, administrative order of the South Carolina Supreme Court.

47. Besides its breaches of contract, statute, and the above-described rules intended to keep Plaintiff's account information and proceeds safe and secure, Defendants knew the existence of identity theft and fraudulent annuity withdrawal schemes, which had been warned of previously by state insurance regulators and other parties.

48. Despite all the above, and in breach of the above duties, Defendant participated in and allowed the very same scheme to be perpetrated against Plaintiff, and then negligently failed to fully investigate same.

49. A full and complete would have revealed that Defendant could have easily prevented the fraud, and further would have demonstrated that Defendant had to bear the loss for its failures.  No meaningful investigation was undertaken, even as the perpetrator was being prosecuted criminally.

50. The breach of duty by Defendant was in conscious, reckless disregard of the rights of Plaintiff.

51. As a direct and proximate result of the negligent, careless, reckless, willful and wanton acts and omissions of the Defendant, judgment should be granted to the Plaintiff for both actual and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

### (Violation of S.C. Code §39-5-10)

52. Plaintiff incorporates each of the foregoing allegations as fully as if repeated herein verbatim, to the extent not consistent herewith.

53. The activities of the Defendant constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

54. The actions of the Defendant, above-described, constitute unfair, oppressive and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

55. The actions of the Defendant have a real and substantial potential for repetition and affect the public interest.

56. The Plaintiff suffered an ascertainable loss due to the unlawful actions of the Defendant, entitling Plaintiff to recover actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate him for actual damages including the face amount of his annuity, interest thereon, plus consequential damages; treble all actual damages, statutory damages, punitive damages, attorney's fees and costs.

DAVE MAXFIELD, ATTORNEY, LLC

By:    s/ Dave Maxfield_____
       David A. Maxfield, Esq., Fed ID 6293
       5217 N. Trenholm Road, Suite B
       Columbia, SC 29206
       803-509-6800
       855-299-1656 (fax)
       dave@consumerlawsc.com

February 12, 2018